**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Angela Dawn Dowling,<br><br>  Plaintiff,<br><br>v.<br><br>National Credit Union Administration, et al.,<br><br>  Defendants. | No. CV-24-00490-TUC-CKJ<br><br>**ORDER** |

In July and August, Plaintiff filed 12 cases. Four were filed in Phoenix. Several of the cases (CV 24-387 TUC CKJ; CV 24-388 TUC CKJ; CV 24-389 TUC CKJ; CV 24-390 TUC CKJ; CV 24-391 TUC CKJ) were assigned to this Court.[1] The Court transferred five of the cases for lack of venue to other federal district courts in New Jersey, California, and Texas. The case assigned to the Honorable Raner C. Collins, CV 24-373 TUC RCC, was screened pursuant to 28 U.S.C. § 1915(a)(1) and dismissed with leave to amend because Plaintiff failed to state a claim. After Plaintiff failed to file an amended complaint, Judge Collins dismissed it with prejudice on September 19, 2024.

In September, Plaintiff filed five more cases: CV 24-453 TUC CKJ; CV 24-461 TUC CKJ; CV 24-462 TUC CKJ; CV 24-480 TUC CKJ, and CV 24-483 TUC CKJ). In October, so far, Plaintiff has filed five more cases: CV 24-487 TUC CKJ; CV 24-488 TUC CKJ; CV 24-489 TUC CKJ; CV 24-490 TUC CKJ, and CV 24-493 TUC CKJ. On September 27, 2024, the Court screened CV 24-453 TUC CKJ and, also, transferred it to

---

[1] Three were assigned to other Tucson courts: CV 24-374 TUC RCC; CV 24-373 TUC MSA, and CV 24-375 RM. CV 24-374 TUC RCC was dismissed and is addressed above. The others remain pending.

another federal district court for lack of venue. The remaining nine cases filed by Plaintiff are assigned to this Court and are disposed of in this Order, with separate orders issued to close each case.

Plaintiff has requested leave to proceed *in forma pauperis* in all 22 cases. She was granted leave to proceed in forma pauperis in CV 24-374 TUC RCC. In the cases transferred to other courts in other venues, those applications for *in forma pauperis* status remain pending.[2] Proceeding *in forma pauperis* under 28 U.S.C. § 1915(a), waives the $405 filing fee for a case and subjects a complaint to screening.

In short, so far, six cases have been transferred to other venues in the interest of justice because Plaintiff alleged claims that must have occurred outside of Arizona. One, CV 24-374 TUC RCC, was screened and dismissed by Judge Collins for failure to state a claim but it too was subject to being transferred to Texas because its allegations were against "One Lady Dallas Officer, The People, United State Attorneys Office & State Attorneys Office Texas." (Complaint, CV 24-374 TUC RCC (Doc. 1)).

For screening purposes, the Court applies the same standard that is applied to a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Watison v. Carter,* 668 F/3d 1108, 1112 (9th Cir. 2012). Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." As noted by Judge Collins: "'This pleading standard does not demand 'detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.' *Ashcroft v. Iqbal*, 556 U.S. 662, 6778 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007))." (Order (CV  24-374 TUC RCC (Doc. 5) at 2.) "A district court must screen and dismiss a complaint, or any portion of a complaint, filed *in forma pauperis* that 'is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.'" (Order, CV 24-374 TUC RCC (Doc. 5) at 1 (quoting 28 U.S.C. 1915A(b)(1)-(2)), *see also,*

---

[2] A spot check of the applications to proceed *in forma pauperis* appear to include the name of her minor son. This Court will direct the Clerk of the Court to seal the application in this case.

(Order, CV 24-453 TUC CKJ (Doc. 2) (explaining complaint subject to dismissal for failing to state a claim under Rule 8). This was the standard applied when the complaint in 24-374 TUC RCC was screened and dismissed with leave to amend, then closed with prejudice when Plaintiff failed to file an amended complaint.

As this Court has noted in all the orders transferring Plaintiff's complaints for lack of venue, such transfers are discretionary. "When venue is improperly laid in the wrong district, the Court must "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Whether to dismiss or transfer the case is within the Court's discretion. *Cook v. Fox*, 537 F.2d 370, 371 (9th Cir. 1976) (*per curiam*)." It is not an abuse of discretion under 28 U.S.C. § 1406(a) to dismiss an action rather than transfer it. *Id.* Section 1406(a) requires the district court to consider whether transfer is in the "interest of justice" before it dismisses a case. This is what the Court did in CV 24-453 TUC CKJ, when it transferred the case to New Jersey even though the Complaint failed to state a claim under Rule 8 because it did not allege "even one fact." This Court concluded, similar to Judge Collins, that because Plaintiff was proceeding *pro se*, she should be afforded an opportunity to amend her Complaint to state a claim. "An *in forma pauperis*, *pro se* litigant should [] be given an opportunity to amend the complaint to overcome a deficiency unless it is clear that no amendment can cure the defect." (Order, CV 24-453 TUC CKJ (Doc. 5) at 3 (relying on *Potter,* 433 F.2d at 1088; *Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir. 1987), superseded by statute, *Lopez v. Smith,* 203 F.3d 1122, 1129-1131 (9th Cir. 2000)). This Court did not determine whether the Complaint in CV 24-453 TUC CKJ might be cured by amendment, it simply left the door open for this assessment to be made in New Jersey.

The Court turns to the nine cases assigned to it in September and October that remain pending. The Court has reviewed all the complaints. As of the October 1, 2024, filings, the Plaintiff's contact information reflects addresses in Cypress, Texas (CV 24-490 TUC CKJ) and North Arlington, New Jersey (CV 24-493 TUC CKJ). The Court notes that the Order issued and sent to the Texas address in October in CV 24-453 TUC CKJ was

returned as "not deliverable" but an Order sent in September to this same address in this same case was not returned. Orders sent to the New Jersey address, CV 24-389 TUC CKJ and CV 24-390 TUC CKJ, were not returned to the Court. Plaintiff is in violation of the LRCiv. 83.3(d), which provides: "An attorney or unrepresented party must file a notice of a name or address change . . . no later than 14 days before the effective date of the change" and "a separate notice must be filed in each active case." Any action without such notice may be subject to dismissal for failure to comply with the Local Rules for the United States District Court for the District of Arizona (Local Rules). *See* LRCiv. 83.3(c); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

While residency is not determinative of citizenship for purposes of invoking federal diversity jurisdiction under 28 U.S.C. § 1332 when a citizen of one state sues a citizen of another state and the amount of the claims is over $75,000, there is no basis for the Court to find Plaintiff is a citizen of Arizona. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (holding party seeking to invoke the court's subject matter jurisdiction has burden to demonstrate jurisdiction exists). Because Plaintiff has not shown she is a resident of Arizona, the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332. Accordingly, the pending cases fail on the face of the complaints based on a lack of subject matter jurisdiction to the extent Plaintiff invokes the jurisdiction of this Court under 28 U.S.C. § 1332.

The Court considers whether the Plaintiff has invoked federal question jurisdiction, which exists for claims arising under the United States Constitution or federal law. In reviewing the Plaintiff's claims, the Court finds they fall into three groups.

She was evicted from an apartment in Cypress, Texas. She sues the apartment complex and various Defendants, including attorneys, who may have been involved in this unfortunate circumstance. *See e.g.:* CV 24-461 TUC CKJ, CV 24-483 TUC CKJ. She adds state law claims of assault, perjury, contempt, but does not allege any claim arising under the Constitution or federal law. *See,* CV 24-461 TUC CKJ.

She had a negative employment experience related to Uber and unemployment insurance benefits. She alleges violation of labor law, cyber and tax fraud, lost wages, etc. *See e.g.:* CV 24-462 TUC CKJ, 24-487 TUC CKJ, CV 24-488 TUC CKJ. Additionally, she incurred banking difficulties that may have included account reversals and a cancelled credit card. She alleges claims of bank and credit fraud, and possible identity theft. *See e.g.:* CV 24-488 TUC CKJ, CV 24-489 TUC CKJ, CV 24-490 TUC CKJ, CV 24-493 TUC CKJ. She adds claims of stalking and harassment, and criminal bank theft.

She mixes and matches these claims in some cases, such as CV 24-488 TUC CKJ which includes claims against Uber and across four states, Arizona, California, New Jersey, and Texas. In CV 24-493 TUC CKJ, she sues Attorney Generals in Arizona, California, New Jersey, and Texas under the Victim Rights Act for bank fraud. All these misfortunate circumstances and alleged claims resulted in grave hardships, but only the claims in the latter two groups, employment and banking, might arguably involve claims arising under the Constitution or federal law.

The Defendants named in these ten cases are in Texas or New Jersey, federal agencies like the IRS or the Federal Trade Commission, or companies like Chase Bank, Mastercard, National Credit Union, Navy Credit Union, Navy Federal Investment Services, etc. The Court notes that the parties identified in the captions of the cases do not necessarily match the named Defendants in the bodies of complaints. *E.g.,* CV 24-493 TUC CKJ (captioned as Dowling v. Kris Mayes, Office of Attorney General of Arizona provides Defendants' information for: Amazon, State of Texas, State of New Jersey, and Social Security Office).

The only mention of Arizona, except for CV 24-493 TUC CKJ with the Kris Mayes, Arizona Attorney General, caption, is found in CV 24-490 TUC CKJ. In CV 24-493 TUC CKJ, filed on October 1, 2024, Plaintiff named "Kris Mayes" in the caption but says she is residing in Texas. In CV 24-490 TUC CKJ, also filed October 1, 2024, she provides her place of residence as New Jersey and claims: "Today Oct. 1, 2024 on phone 1 888 842 6328 Bank in Sierra Vista Arizona Bank theft. Fraud processing in claims phoenix."

(Complaint (Doc. 1) at 4.) She alleges irreparable injury due to: "stalking, harassment, wiring car, criminal act theft Bank theft, credit fraud, Fraud to Bank, possible identify theft, court papers sent 38 South Scott Tucson, AZ in question." This case, like CV 24-453 TUC CKJ and CV 24-374 TUC RCC, fails to state a claim because it lacks "even one" factual allegation and is entirely comprised of conclusory assertions. Again, she fails to meet the low Rule 8 pleading standard to state a claim, which could have been met by "simply stating facts that show who and what allegedly violated a law or caused an injury." (Order, CV 24-453 TUC CKJ) at 2.)

All of Plaintiffs' pleadings filed in each of the ten cases pending before the Court are the same. They are absolutely devoid of facts. For example, she makes a conclusory allegation of "unlawful lockout" in CV 24-483 TUC CKJ but the complaint is missing any alleged fact that would show or even suggest she was unlawfully locked out.

The federal courts are courts of limited jurisdiction and may only adjudicate those cases over which they have subject matter jurisdiction, which are cases involving diversity of citizenship or a federal question. *Kikkonen*, 511 U.S. at 377. Where the Complaint fails to reflect federal jurisdiction, it must be dismissed. *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). As explained above, the Plaintiff's various complaints are so lacking in facts that they fail to establish federal question jurisdiction exists over these cases. Plaintiff fails to establish any diversity jurisdiction given her admissions of residency in Texas and New Jersey, not Arizona. The lack of factual allegations prevents the Court from ferreting out jurisdiction by liberally construing the *pro se* pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (directing courts to liberally construe *pro se* pleadings).

Additionally, the Court is unable to even guess at what transpired, and it is impossible to attribute any specific acts to any specific Defendant, making it impossible for any Defendant to file an answer. All Plaintiff's pleadings in all ten cases fail because they are nothing more than an unadorned, "the-defendant-unlawfully-harmed-me" accusations. Plaintiff's cases fail under *Iqbal* and *Twombly*. *See supra. above.* Again, like

she did in CV 24-374 RCC, Plaintiff fails to state a claim showing she is entitled to relief as required under Rule 8.

Importantly, venue is not proper in Arizona in any case filed by Plaintiff reviewed herein, except perhaps in this case, CV24-490 TUC CKJ, and venue fails in this case too if Plaintiff, a citizen of New Jersey, was in fact simply calling and talking to a Defendant bank located in Sierra Vista, Arizona. While the Court transferred CV 24-453 TUC CKJ for lack of venue in Arizona to the federal court in New Jersey in the interest of justice, the Court dismisses the remaining cases. Section 1406(a) allows a court to transfer a case if it finds it is in the interest of justice. It may refuse to transfer a case under Section 1406(a) if the plaintiff fails to show a proper, alternative forum. *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983) (finding no abuse of discretion to dismiss where plaintiff failed to show the case could properly be heard in another federal court). To warrant transfer, it must be established that the case could have been brought in the district to which it is transferred. 28 U.S.C. § 1406(a). Again, the lack of facts defeats the Plaintiff because the Court has only the general idea of where some of the named Defendants may be located to determine venue for these cases. This is not enough to show the case could properly be heard in the forum where a Defendant is located. As noted above, if transferred the complaints in these cases would have to be amended to state claims under Rule 8.

The claims in the prior cases reviewed by the Court and transferred named Defendants like the Orange County Jail that are clearly and exclusively located in those venues. In transferring the cases, this Court did not assess whether they would fail under screening pursuant to 28 U.S.C. 1915A and left it to those courts to assess whether a complaint failed to state a claim.

The remaining cases, however, reflect discrepancies between parties named in the captions and Defendants identified in the body of the complaint. The record now includes discrepancies regarding Plaintiff's residency that clearly indicates she is not a resident of Arizona. More importantly, Plaintiff has received two Orders, CV 24-374 TUC RCC (Doc. 5) and CV 24-453 TUC CKJ (Doc. 5), explaining the need to include factual allegations in

- 7 -

pleadings to show entitlement to relief, i.e., to state a claim, but continues to file pleadings without any facts whatsoever. In short, the Court finds that it is not in the interest of justice to transfer the cases filed by Plaintiff in September and October. Venue requirements have, likewise, been explained. *See* Orders (CV 24-387 TUC CKJ (Doc. 4); CV 24-388 TUC CKJ (Doc. 5); CV 24-389 TUC CKJ (Doc. 5); CV 24-390 TUC CKJ (Doc. 4); CV 24-391 TUC CKJ (Doc. 6)). As for the currently pending cases, the Court concludes that venue does not exist in Arizona but the lack of facts in the pleadings makes it impossible for this Court to conclude that venue exists in any specific district court outside of Arizona. It is not in the interest of justice to transfer these cases. They are dismissed for lack of venue, except for CV 24-490 TUC CKJ. Here, there is one factual allegation; Plaintiff alleges "Bank in Sierra Vista Arizona." Like Judge Collins did in CV 24-374 TUC CKJ, the Court will dismiss CV 24-490 TUC CKJ for failure to state a claim with leave to amend to afford her an opportunity to state a claim for relief afforded under the jurisdiction of this Court, including showing there is diversity or federal question jurisdiction and venue in Arizona.

To be clear, this Order serves to screen all the referenced currently pending cases pursuant to Section 1915(a)(1), and subsection (e)(2) which provides for dismissal of a complaint filed *in forma pauperis* if the Court is convinced that an action is frivolous. Frivolousness exists if the plaintiff would not be entitled to relief under any arguable construction of law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Factual frivolousness includes allegations that are "clearly baseless," "fanciful," "fantastic," or "delusional." *Neitzke*, 490 U.S. at 327-28. Unlike Rule 12(b)(6), 28 U.S.C. § 1915 accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke*, 490 U.S. at 327).

Alternatively, legal frivolousness justifies dismissal under § 1915(d) where a complaint is based on "an indisputably meritless legal theory...[such as] claims against

which it is clear that the defendants are immune from suit, and claims of infringement of a legal interest which clearly does not exist...." *Neitzke*, 490 U.S. at 327.

Plaintiff's complaints are both legally and factually frivolous because the claims, as plead, are clearly baseless, i.e., they are without any jurisdictional basis and fail to state facts showing any entitlement to relief. District judges have no obligation to act as counsel or paralegal to *pro se* litigants because this would undermine the role of these judges as impartial decisionmakers. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131, n.13 (declining to decide whether the court was required to inform a litigant of pleading deficiencies under the PLRA, but noting that the *pro se* litigant, unskilled in the law, is far more prone to making errors in pleading than the person who has the benefit of being represented by counsel) (citing *Noll*, 809 F.2d at 1448). So, while the Court does not serve as advocate for the *pro se* litigant nor act as legal advisor, the Court explains the pleading deficiencies for the only case where venue in Arizona may exist, CV 24- 490 TUC CKJ. An *in forma pauperis*, *pro se* litigant should be given an opportunity to amend the compliant to overcome a deficiency unless it is clear that no amendment can cure the defect. *Potter v. McCall*, 433 F.2d 1087, 1088 (9th Cir. 1970); *see Noll*, 809 F.2d at 1448 (determining that a district court retains its discretion to dismiss a *pro se* prisoner's *in forma pauperis* complaint with or without leave to amend under Prisoner Litigation Reform Act). It is clear no amendment can cure the defective venue problem that exists for the remainder of the cases.

The Court gives Plaintiff notice that it has the power to regulate the activities of abusive litigants, under certain circumstances. *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). This is an extraordinary measure which this Court will not take unless it is absolutely necessary. *Id.* A flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants. *Id.* at 1148.

In *De Long*, the Ninth Circuit set out four factors for a district court to examine before entering a pre-filing order limiting judicial access for vexatious litigants, as follows:

1) the litigant must be given notice and an opportunity to be heard; 2) compilation of an adequate record for review; 3) substantive findings about the frivolous or harassing nature of the plaintiff's litigation, and 4) the vexatious litigant order must be narrowly tailored. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (*per curiam*).

This Order serves as notice to the Plaintiff that based on the record compiled here in this Order, which reflects that at least 16[3] of the 22 cases she has filed have been and are frivolous and harassing in nature. If she continues to file further pleadings utterly devoid of facts that fail to establish the existence of jurisdiction and venue in this Court and fail to state a claim under Rule 8, she shall be deemed a vexatious litigant. If such an Order issues, it shall contain measures to regulate her litigant activities, which may include refusing to waive future filing fees even though she proceeds *in forma pauperis* or requiring her to seek leave of the Court for further case filings. This caution applies to all future complaints filed by the Plaintiff and any amended complaint, if she files one in this case, CV 24-490 TUC CKJ.

**Accordingly,**

**IT IS ORDERED** that the *Application For Leave to Proceed In Forma Pauperis* (Doc. 2) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall seal the Application for *In Forma Pauperis* (Doc. 2) because she included the name of her son, a minor, in it. Plaintiff is directed to protect her son's privacy in any future filings by simply referring to him as "son," without using his name.

**IT IS FURTHER ORDERED** that CV 24-490 TUC CKJ shall be DISMISSED WITH LEAVE TO AMEND.

**IT IS FURTHER ORDERED** that in CV 24-490 TUC CKJ, THE AMENDED COMPLAINT MUST BE CLEARLY DESIGNATED AS "AMENDED COMPLAINT" ON THE FACE OF THE DOCUMENT. The Amended Complaint must state specific

---

[3] The Court has only reviewed cases filed in Tucson assigned to CKJ and CV 24-374 TUC RCC. Tucson cases CV 24-373 TUC MSA and CV 24-375 TUC RM remain pending before other judges.

allegations against proper Defendant(s), named as Defendant(s); and identify who participated in which activities alleged in the Complaint; and state what injury, if any, Plaintiff suffered as a result of the activities of each Defendant. THE AMENDED COMPLAINT MUST BE RETYPED1 OR REWRITTEN IN ITS ENTIRETY AND MAY NOT INCORPORATE ANY PART OF THE ORIGINAL COMPLAINT BY REFERENCE. Local Rule 7.1(c).

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to DISMISS all claims and to close CV 24-490 TUC CKJ, without further notice to Plaintiff, if Plaintiff fails to file the Amended Complaint by November 11, 2024.

**IT IS FURTHER ORDERED** that in the event Plaintiff proceeds with CV 24-490 TUC CKJ, she must follow the Federal Rules of Civil Procedure and the Local Rules of Practice for the U.S. District Court of Arizona (Local Rules). Plaintiff is instructed to take special notice of Local Rule 7.2 which provides specifics for civil motions, especially subsection (i) which provides that failure to file a timely response, or any other such non-compliance, "may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." Petitioner must file and serve a notice of a change of address in accordance with

Rule 83.3(d) of the Local Rules of Civil Procedure requires Plaintiff to file a notice of a name or address change . . . no later than 14 days before the effective date of the change" and "a separate notice must be filed in each active case." Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**IT IS FURTHER ORDERED** that all other cases discussed herein shall be dismissed for lack of venue, with separate orders issued to close the following cases: CV 24-461 TUC CKJ; CV 24-462 TUC CKJ; CV 24-480 TUC CKJ, CV 24-483 TUC CKJ); CV 24-487 TUC CKJ; CV 24-488 TUC CKJ; CV 24-489 TUC CKJ; and CV 24-493 TUC CKJ.

**IT IS FURTHER ORDERED** that this Order serves as NOTICE: VEXATOUS

LITIGANT order may issue if after seven days from the filing date of this Order, the Plaintiff fails to comply with the directives herein and continues to file frivolous cases or files a frivolous Amended Complaint in CV 24-490 TUC CKJ. <u>Noncompliance or frivolous filings may result in the Court issuing a vexatious litigant order based on the record set out in this Order.</u> A vexatious litigant order may impose filing restrictions such as denying Plaintiff the privilege of waiving her filing fees even if she proceeds *in forma pauperis*, or she may be required to obtain leave to file future cases.

Dated this 19th day of October, 2024.

Honorable Cindy K. Jorgenson
United States District Judge